**S. AMANDA MARSHALL, OSB # 95347**
United States Attorney
District of Oregon
**NEIL J. EVANS, OSB # 965515**
neil.evans@usdoj.gov
Assistant United States Attorney
**United States Attorney's Office**
**District of Oregon**
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:     (503) 727-1053
Facsimile:      (503) 727-1117
        Attorneys for United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN RADIO SERVICES CO.,<br><br>Defendant. | Case No.: 11-CV-00638-SI<br><br>MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO COMPEL ANSWERS TO QUESTIONS UNDER RULE 30 ORAL DEPOSITION |

The United States files this memorandum in support of its motion to compel Richard Oberdorfer, owner of defendant Western Radio, to answer questions he refused to answer during a deposition on September 27, 2011 in the Eugene Courthouse.  Plaintiff also seeks an order requiring Richard Oberdorfer to appear for a continuation of his deposition following his submission of full responses to the interrogatories sought by the Plaintiff.

The complaint in this case alleges that a new radio tower and generator building

Page 1 -        Memorandum in Support of United States' Motion to Compel Answers...
        *USA v. Western Radio Services*; Case No. 11-CV-00638-SI

improvement were constructed on Forest Service property without authorization from the Forest Service.  The complaint at paragraphs 12-16 alleges that the defendant failed to obtain authorization to begin construction in the fall of 2010 and that the Forest Service discovered the new structures after construction had begun.  Western Radio failed to halt construction after he was directed to do so by the posting of stop work notices by the United States Forest Service and by Klamath County.

      I.      Deposition Questions and Answers

The relevant transcript pages are attached as Exhibit A.  As is clear from the transcript, Mr. Oberdorfer failed to answer questions regarding his unlawful construction of the tower and generator building.  In addition, counsel for Western Radio refused to instruct the deponent to answer Plaintiff's inquiries and failed to articulate a basis for the deponent's refusal to answer fundamental questions regarding materials and equipment used during construction.   In sum, the United States contends that Mr. Oberdorfer failed to provide the most basic of information relevant to the complaint.

In particular Mr. Oberdorfer refused to provide the following information (all transcript references are in Exhibit A):

      1.      The name of the company that delivered concrete to the site (Transcript, pp. 95-97);

      2.      The name of the company from whom Western Radio ordered the tower (Transcript, p. 98);

      3.      The name of the company from whom Western Radio rented a truck to transport the tower to Walker Mountain (Transcript, p. 100);

Page 2 -      Memorandum in Support of United States' Motion to Compel Answers...
              *USA v. Western Radio Services*; Case No. 11-CV-00638-SI

    4.    Identity of all potential customers for leased space on the tower (Transcript, p. 103);

    5.    Identity of all other vendors of materials and services involved in the construction of the tower (Transcript, pp. 105-106);

    6.    Name of the contractor who provided payroll services for Western Radio (Transcript, pp. 117-120); and

    7.    Name of the company from whom Western Radio rented a crane to install the tower (Transcript, p. 130).

Mr. Oberdorfer refused to answer these questions, in part, based on his assertion that the information was "confidential" and/or "proprietary."(Exhibit A, Transcript p. 106). Counsel for Western Radio also took the position that Mr. Oberdorfer did not have to answer questions that would be the subject of a motion to compel responses to interrogatories. (Exhibit A, Transcript p. 97-98). Counsel refused to say whether she was instructing the deponent to not answer questions and objected to the general line of questioning about vendors on relevancy grounds. (Exhibit A, p. 107, 118-119).

II.    Argument

A.    Relevancy

Pursuant to Fed. R. Civ. P. 26 parties may seek any information that is reasonably calculated to lead to admissible evidence. The subject of the lawsuit is the unlawful construction of a radio tower and expansion of a generator building. It is difficult to understand a relevancy objection to identifying the suppliers of materials, vendors and contractors of Western Radio on the Walker Mountain tower and expansion construction. The defendant refuses to answer

Page 3 -    Memorandum in Support of United States' Motion to Compel Answers...
    *USA v. Western Radio Services*; Case No. 11-CV-00638-SI

questions or provide facts that are fundamentally relevant to the case and controversy.

  B.  Confidential Business Information

The information sought here is not confidential business information. Plaintiff seeks the names and contact information for persons possessing information regarding the facts and circumstances in this case. Such information cannot be used to "duplicate products, compete for defendant's customers, or interfere with their business plan in order to gain a competitive advantage in the market place." Intel Corp. v. Via Tech., Inc., 198 F.R.D. 525, 531 (N.D.Cal.2000).

The assertion of confidential business information was first made in response to the question asking Mr. Oberdorfer to identify the supplier of concrete. (Exhibit A, Transcript p. 95-96). The only explanation provided by Mr. Oberdorfer was:

"The Forest Service would interfere with our relationship with our suppliers, our costs would be known, would be public information, all those kinds of things. We have already had trouble with the Forest Service interfering with the relationship of our customers already." (Exhibit A, Transcript p. 97)

This explanation does not justify refusing to provide the identity of the concrete company and any other vendors and suppliers involved in the construction by Western Radio. None of the information refused by Western Radio would be used to duplicate products, compete for customers or gain a competitive advantage.

For these reasons, and as explained above, this Court should compel Richard Oberdorfer to answer questions posed during the September 27, 2011 deposition. Plaintiff has also filed a Motion to compel responses to interrogatories. Those responses were

Page 4 -  Memorandum in Support of United States' Motion to Compel Answers...
    *USA v. Western Radio Services*; Case No. 11-CV-00638-SI

provided prior to the deposition and both counsel were aware of the discovery dispute prior to the deposition. In anticipation of continuing objections during the deposition and in anticipation of filing motions to compel, counsel for the plaintiff stated on the deposition record that the deposition would be held open pending resolution of the disputes. (Exhibit A, Transcript p. 165-167 ). Thus, Plaintiff seeks an order requiring Richard Oberdorfer to appear for a continuation of his deposition following his submission of full responses to the interrogatories sought by the Plaintiff.

Dated this 13th day of October, 2011.

        Respectfully submitted,

        S. AMANDA MARSHALL
        United States Attorney
        District of Oregon

        */s/ Neil J. Evans*

        NEIL J. EVANS
        Assistant United States Attorney