**Steven T. Lovett**, OSB No. 910701
stlovett@stoel.com
**Nathan C. Brunette**, OSB No. 090913
ncbrunette@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Proposed Intervenor
United States Cellular Operating Company of Medford

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>    Counter Defendant,<br><br>    v.<br><br>WESTERN RADIO SERVICES CO.,<br><br>    Defendant,<br>    Counter Claimant. | Case No.:  3:11-cv-00638-SI (Lead Case)<br>             Case No. 6:11-cv-06209-SI<br><br>CONSOLIDATED CASES<br><br>[-  **ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |
| UNITED STATES CELLULAR OPERATING COMPANY OF MEDFORD,<br><br>    Intervenor,<br><br>    v.<br><br>WESTERN RADIO SERVICES CO.,<br><br>    Defendant. | |

Page 1   -   [PROPOSED] ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter came before the Court on a Motion for Temporary Restraining Order by Intervenor United States Cellular Operating Company of Medford ("U.S. Cellular").

Having reviewed the Complaint, U.S. Cellular's Motion for Temporary Restraining Order and Order to Show Cause and Memorandum In Support thereof, the Declaration of Steven T. Lovett and supporting exhibits, the Declaration of Douglas Briedwell, and the pleadings and papers on file herein, and having heard and considered arguments made by the parties, THIS COURT hereby finds as follows:

1. Pursuant to an Amended Facilities Space Lease, U.S. Cellular leases from Western Radio Services Co. ("Western Radio") space on an existing communications tower (the "Old Tower") and adjacent support building located on Walker Mountain in Klamath County, Oregon (the "Walker Mountain site"). U.S. Cellular currently maintains its cellular telephone and related microwave communications antennas and equipment on the Old Tower and in the adjacent support building ("Equipment").

2. Western Radio leases the parcel of land underlying the Walker Mountain site from the United States of America ("Government"). Western Radio recently constructed a new communications tower ("New Tower") on or near the Walker Mountain site. In the underlying proceeding brought by the Government against Western Radio, the Government challenges the lawfulness of Western Radio's construction and maintenance of the New Tower. That issue is the subject of the parties' pending motions for summary judgment (Dkt. Nos. 94, 108, 113) currently scheduled for oral argument on August 24, 2012 ("Summary Judgment Motions").

3. Western Radio has demanded that U.S. Cellular remove the Equipment from the Old Tower by August 23, 2012. If U.S. Cellular does not do so, Western Radio has threatened to, *inter alia,* (1) terminate the Amended Facilities Space Lease, (2) accelerate the balance due

under the Lease, and (3) unilaterally remove the Equipment from its current location at U.S. Cellular's expense.

    4.    U.S. Cellular seeks a declaratory judgment enjoining Western Radio from that threatened course of action. The resolution of U.S. Cellular's declaratory judgment claim will depend, in part, on the decision made by the Court on the Summary Judgment Motions.

THIS COURT further finds that U.S. Cellular has demonstrated that the requested Temporary Restraining Order should issue based on the following:

    A.    U.S. Cellular has shown that, at trial, it is likely to prevail on the merits of its declaratory judgment claim.

    B.    Absent immediate injunctive relief, U.S. Cellular will suffer irreparable injury in the form of loss of operations of its cellular telephone network in the areas of Southern and Central Oregon serviced by the Walker Mountain, O'Dell Butte, and Picture Rock Pass sites (the Serviced Areas"). As a result, U.S. Cellular would further suffer irreparable injury in the form of loss of goodwill and damaged business reputation in the Serviced Areas.

    C.    The balance of equities favors granting temporary injunctive relief because the immediate removal of U.S. Cellular's Equipment from its current position would cause substantial hardship to U.S. Cellular, while maintenance of the status quo will cause little or no hardship to Western Radio.

    D.    The public interest is served by requiring Western Radio to refrain from interfering with or removing U.S. Cellular's Equipment. In particular, the entry of this Temporary Restraining Order will further the public interest by protecting cellular phone users in the Serviced Areas from degradation in their cellular telephone service and by preventing interference with Phase II E-9-1-1 operability in the Serviced Areas.

  E. Collectively, these findings satisfy the requirements for temporary injunctive relief set out in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20, 129 S.Ct 365, 172 L. Ed. 2d 249 (2008) and *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

  NOW, THEREFORE, IT IS HEREBY ORDERED:

  1. U.S. Cellular's Motion for Temporary Restraining Order and Order to Show Cause is GRANTED.

  2. Western Radio, its officers, agents, employees, directors, shareholders, attorneys, or any persons acting in active concert or participation with any of them are RESTRAINED AND ENJOINED from doing any of the following:

    a. From declaring U.S. Cellular in breach of the Amended Facilities Space Lease due to U.S. Cellular's refusal to remove its Equipment from the Old Tower;

    b. From taking any action which is intended to or which actually does directly or indirectly cause the removal of U.S. Cellular's Equipment from its current position at the Walker Mountain site, including but not limited to (i) terminating the Amended Facilities Space Lease or directly or indirectly threatening to do so; (ii) removing or causing any person to remove U.S. Cellular's Equipment from its current position at the Walker Mountain site or threatening to do so; and (iii) accelerating the balance of rent owed under the Amended Facilities Space Lease or threatening to do so; and

    c. From otherwise interfering with U.S. Cellular's quiet enjoyment under the Amended Facilities Space Lease.

  3. The Court further ORDERS Western Radio to appear at a show cause hearing at the United States District Court for the District of Oregon, 1000 SW Third Avenue, Portland,

Oregon, 97204 on **Sept. 21**, 2012, at **1 pm** to show cause, if any, why a preliminary injunction should not issue.

     5.    This Order shall remain in effect for 14 days, subject to being dissolved prior thereto or extended further during that time.

     6.    The Court DIRECTS U. S. Cellular to post a bond with the Clerk of Court in the amount of **$20,000** by **8/27/12 5:00pm** (MHS), as a reasonable security for any costs or damages sustained by any party found to have been wrongfully enjoined or restrained.

IT IS SO ORDERED this **24th** day of August, 2012

This order is entered on August **24**, 2012 at **4:10 pm**, and expires on September **7**, 2012 at **4:10 pm**, unless extended by further order of the Court.

                                                                    Honorable Michael H. Simon
                                                                      U.S. District Court Judge
                                                                         District of Oregon

Submitted by:

Steven T. Lovett, OSB No. 910701
stlovett@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204

        Attorneys for Proposed Intervenor
        United States Cellular Operating Company of Medford