**Steven T. Lovett**, OSB No. 910701
stlovett@stoel.com
**Nathan C. Brunette**, OSB No. 090913
ncbrunette@stoel.com
**Crystal S. Chase**, OSB No. 093104
cschase@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

       Attorneys for Intervenor
       United States Cellular Operating Company of Medford


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>    Counter Defendant,<br><br>  v.<br><br>WESTERN RADIO SERVICES CO.,<br><br>    Defendant,<br>    Counter Claimant. | Case No.:  3:11-cv-00638-SI (Lead Case)<br>           Case No. 6:11-cv-06209-SI<br><br>CONSOLIDATED CASES<br><br>**INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| UNITED STATES CELLULAR OPERATING COMPANY OF MEDFORD,<br><br>    Intervenor-Plaintiff,<br><br>  v.<br><br>WESTERN RADIO SERVICES CO.,<br><br>    Defendant. | |

Page 1  -   INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

72481828.4 0060671- 00008

After the Court granted Intervenor-Plaintiff United States Cellular Operating Company of Medford's ("U.S. Cellular") Temporary Restraining Order ("TRO") motion in this case, Defendant Western Radio Services Co. ("Western Radio") moved to dismiss U.S. Cellular's Complaint for lack of subject matter jurisdiction and for failure to state a claim. *See* Dkt. No. 155. Neither motion has merit, as discussed below.

## I. BACKGROUND

For almost 20 years, U.S. Cellular has leased space on a communications tower (the "Original Tower") owned by Western Radio on Walker Mountain, in the Deschutes National Forest (the "Walker Mountain site") pursuant to a lease agreement (as amended, the "Facilities Lease"). *See* Amended Complaint (Dkt. No. 181) ("Amended Complaint") ¶ 8 & Exs. 1-3. Western Radio, in turn, has a ground lease for the Walker Mountain site from the U.S. Forest Service (the "Government"). *Id.* ¶ 10. On May 26, 2011, the Government brought this case asserting, *inter alia*, that a new communications tower (the "New Tower") built on the Walker Mountain site by Western Radio was not properly authorized, and thus constituted an intentional and continuing trespass and a breach of Western Radio's lease with the Government. *Id.* ¶ 17.

On July 24, 2012, Western Radio served U.S. Cellular with a notice of default under the Facilities Lease for failing to move its equipment to the New Tower and gave U.S. Cellular 30 days to remove its equipment from the Original Tower. *Id.* ¶¶ 23-24 & Ex. 4. After Western Radio declined offers to negotiate a resolution of the default notice, U.S. Cellular was granted intervention as of right in this case pursuant to Fed. R. Civ. P. 24(a). A TRO restraining Western Radio from removing U.S. Cellular's equipment from the Original Tower was entered on August 24, 2012. *See* Dkt. Nos. 133, 142.

Page 2  -   INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
            MOTION TO DISMISS

On August 29, 2012, the Court granted the Government's motion for partial summary judgment, holding that Western Radio is liable for trespass and breach of its lease with the Government. The Court also requested supplemental briefing to determine whether a remedy on the Government's claim can be decided on summary judgment or will require trial. *See* Dkt. No. 148.

On September 10, 2012, Western Radio moved to dismiss U.S. Cellular's Complaint, arguing that (1) the Court should decline to exercise supplemental jurisdiction over U.S. Cellular's declaratory judgment claim because the Court has fully resolved the Government's underlying claim, and (2) U.S. Cellular's Complaint fails to state a claim because it does not allege sufficient factual support or current damages. *See* Western Radio's Memorandum in Support of Motion to Dismiss (Dkt. No. 156) ("Mtn. to Dismiss") at 3-5.

On September 25, 2012, U.S. Cellular filed an Amended Complaint adding to its claim for a declaratory judgment that U.S. Cellular has not breached the Facilities Lease (and that Western Radio therefore remains obligated to provide U.S. Cellular with leased space on the Original Tower), a claim for anticipatory repudiation of the Facilities Lease based on Western Radio's notice of default and statements that it will remove U.S. Cellular's equipment from the Original Tower. *See* Amended Complaint ¶¶ 30-49.

## II. STANDARD OF REVIEW

Western Radio moved to dismiss U.S. Cellular's Complaint for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). U.S. Cellular has filed an Amended Complaint that supersedes the Complaint and arguably renders moot Western Radio's motion to dismiss the Complaint. Nonetheless, U.S. Cellular responds to the substance of Western Radio's motion, as applied to the Amended Complaint, in the interest of

Page 3  -  INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
            MOTION TO DISMISS

resolving any doubt about the Court's jurisdiction and maintaining the schedule set by the Court to hear oral argument on Western Radio's motion on October 24, 2012.

A district court's determination of subject matter jurisdiction is a question of law. Where a jurisdictional challenge under Rule 12(b)(1) is premised on the allegations in the pleadings and does not assert factual material beyond the pleadings, the Court should take the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Seal Source, Inc. v. Calderon*, No. CV 09-875-HU, 2009 U.S. Dist. LEXIS 76440, *4 (D. Or. Aug. 27, 2009) (in reviewing a facial challenge to subject matter jurisdiction, "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party").

A court may grant a motion to dismiss pursuant to Rule 12(b)(6) only when (1) there is no cognizable legal theory to support the claim, or (2) the relevant pleading lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a pleading on a motion to dismiss, the Court must "accept all material facts alleged in the [pleading] as true and construe them in the light most favorable to the [nonmoving party]" and must draw "[a]ll reasonable inferences from the factual allegations . . . in favor of the [nonmoving party]." *O'Connor v. Cnty. of Clackamas*, No. 3:11-cv-1297-SI, 2012 U.S. Dist. LEXIS 122031, at *15 (D. Or. Aug. 28, 2012) (citing *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012)). Moreover, even when dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is granted, dismissal must be granted without prejudice and with leave to amend "unless it is clear . . . the [pleading] could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Page 4   -   INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
                 MOTION TO DISMISS

## III.  ARGUMENT

**A.    Western Radio's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) Should Be Denied.**

### 1.    At a Minimum, Supplemental Jurisdiction over U.S. Cellular's Claims Is Proper.

The Government's claims for trespass on Government property and breach of Western Radio's lease arise under federal law. *See* Government's Amended Complaint, Dkt. No. 69 ¶ 2. A party, such as U.S. Cellular, that intervenes as of right in a federal question case pursuant to Fed. R. Civ. P. 24(a) may bring against the original parties any state law claims that "are so related to" the federal question claims that they "form a part of the same case or controversy under Article III of the United States Constitution," even if the state law claims themselves do not raise a federal question. 28 U.S.C. § 1367(a) ("[S]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").[1] Federal and non-federal claims form part of the same constitutional case or controversy for jurisdictional purposes when they "'derive from a common nucleus of operative fact[.]'" *Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations omitted).

Here, U.S. Cellular's claims form part of the same case or controversy as the Government's claims against Western Radio because they arise from the same common nucleus of operative fact. Core factual issues common to U.S. Cellular's claims and the Government's

---

[1] *See also* 7C Charles Alan Wright et al., *Federal Practice & Procedure* § 1917, at 601-02 (3d ed. 2007) (an intervenor as of right may bring non-federal claims in a federal question case under supplemental jurisdiction "if the intervenor's claims are found to arise out of the same case or controversy . . . . Indeed, in federal-question cases, even permissive intervenors can claim supplemental jurisdiction if their claims are deemed part of the same case or controversy.").

72481828.4 0060671- 00008

claims include whether Western Radio had the right, under federal law, to build the New Tower and whether Western Radio will have a lawful right to occupy (and allow its tenants to occupy) the New Tower. U.S. Cellular's anticipatory breach and declaratory judgment claims both turn on whether Western Radio was correct in asserting that U.S. Cellular materially breached the Facilities Lease by refusing to move its equipment to the New Tower, a question that depends on whether the New Tower was a lawful and suitable "substitute tower" under the Facilities Lease. These questions are inextricably intertwined with whether Western Radio's construction and use of the New Tower is lawful, which overlaps directly with the Government's claims, as confirmed by this Court in granting U.S. Cellular's motion to intervene as of right pursuant to Fed. R. Civ. P. 24(a).

The fact that U.S. Cellular's declaratory judgment claim is brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not affect the jurisdictional analysis. The federal Declaratory Judgment Act is merely a federal procedural rule governing a type of relief available—it neither expands nor contracts federal jurisdiction. *See Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) (Declaratory Judgment Act "in no way modifies the district court's jurisdiction, which must properly exist independent of the [Act]"). Thus, subject matter jurisdiction over a declaratory judgment claim, whether based on federal question, diversity, or supplemental jurisdiction, depends upon the nature of "the underlying controversy between the litigants," not the type of relief sought. *Id.* In the context of a case or controversy intertwined with federal question claims, supplemental jurisdiction over a declaratory judgment claim (pursuant to 28 U.S.C. § 2201) seeking a declaration of *state law* rights is permissible under supplemental jurisdiction. *See, e.g., Zoove Corp. v. Starpound Corp.*, No. 10-cv-06131 EJD (PSG), 2012 U.S. Dist. LEXIS 116503, at *14

Page 6  -    INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

(N.D. Cal. Aug. 17, 2012) (exercising supplemental jurisdiction over declaratory judgment action to determine contract rights closely related to federal question patent claims); *City of N. Las Vegas v. Clark Cnty., Nev.*, No. 2:11-cv-00944-PMP-PAL, 2011 U.S. Dist. LEXIS 88590, at *27-30 (D. Nev. Aug. 9, 2011) (holding supplemental jurisdiction available over federal declaratory judgment action seeking declaration of state law rights in federal question case, but declining to exercise jurisdiction because the same claims were already before a state court); *Pizan v. HSBC Bank USA, N.A.*, No. C11-26Z, 2011 U.S. Dist. LEXIS 66861, at *14-17 (W.D. Wash. June 23, 2011) (holding supplemental jurisdiction available over section 2201 declaratory judgment action seeking declaration of state law rights in federal question case).

Both of U.S. Cellular's claims are subject to supplemental jurisdiction.

**2.    The Court Should Continue to Exercise Supplemental Jurisdiction over U.S. Cellular's Claims.**

Notably, Western Radio does not argue that the Court lacks supplemental jurisdiction over U.S. Cellular's claims.  Instead, Western Radio argues that the Court should decline to exercise such jurisdiction because "[t]he federal case was resolved on the merits . . . the day after U.S. Cellular filed its complaint." Mtn. to Dismiss at 3 (emphasis omitted).  Although Western Radio does not cite a statutory basis for its argument, it apparently relies on 28 U.S.C. § 1367(c)(3) as the ground for dismissal, implicitly asserting that the Court's August 29, 2012, partial summary judgment order constitutes a final judgment akin to dismissal of the Government's claims.

In making this argument, Western Radio ignores that litigation on the Government's trespass and breach of lease claims is ongoing and that trial may yet be required to determine the appropriate remedy. *See, e.g.,* Dkt. Nos. 149, 158, 175 (setting a supplemental summary judgment briefing schedule and oral argument regarding appropriate remedy on Government's

Page 7   -    INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
              MOTION TO DISMISS

claims). U.S. Cellular's claims are directly related to the pending remedy question, including whether (and if so, when and under what conditions) Western Radio and its tenants will be permitted to lawfully occupy the New Tower. None of the four factors listed in 28 U.S.C. § 1367(c) are present in this case, therefore, and the Court need not engage in any discretionary balancing as to whether to exercise supplemental jurisdiction. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[D]iscretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c) . . . .").

**3.      Alternatively, the Court Has Federal Question Jurisdiction over U.S. Cellular's Claims.**

In the alternative, this Court has federal question jurisdiction over U.S. Cellular's claims because they "aris[e] under" federal law. 28 U.S.C. § 1331. A claim arises under federal law when "'a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)). Here, the question of whether the New Tower is authorized under Western Radio's lease with the Government is a substantial federal issue that is a necessary predicate to resolution of U.S. Cellular's claim that Western Radio anticipatorily repudiated the Facilities Lease.[2]

---

[2] The Court has supplemental jurisdiction over U.S. Cellular's declaratory judgment claim because it is ancillary to U.S. Cellular's anticipatory breach claim. The Court also has federal question jurisdiction over the declaratory judgment claim—it is "quite settled that federal [question] jurisdiction exists . . . over a suit for a declaratory judgment that the other party does not have a right under federal law he is claiming." 13D Charles Alan Wright et al., *Federal Practice & Procedure* § 3566, at 282 (3d. ed. 2008). U.S. Cellular's declaratory judgment claim
(continued . . .)

Page 8   -   INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
                 MOTION TO DISMISS

**B.    Western Radio's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Should Be Denied.**

Western Radio identifies no specific deficiency in U.S. Cellular's allegations of fact, but instead rests on the vague assertion that "[a]ll of the material allegations in the complaint are merely conclusory, unwarranted deductions of fact, and unreasonable inferences." Mtn. to Dismiss at 5. Rule 8(a), however, requires only "a short plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to the relief," and "a demand for the relief sought." U.S. Cellular's Amended Complaint clearly satisfies those pleading requirements.

Western Radio next asserts that U.S. Cellular's claims should be dismissed because Western Radio has not removed U.S. Cellular's equipment from the Original Tower and, thus, U.S. Cellular has not yet suffered irreparable harm. *See* Mtn. to Dismiss at 5. In fact, the equipment remains on the Original Tower only because U.S. Cellular sought and obtained a TRO and a preliminary injunction enjoining Western Radio from interfering with U.S. Cellular's rights under the Facilities Lease. The fact that U.S. Cellular has avoided the irreparable consequences of Western Radio's anticipatory repudiation through preliminary injunctive relief is no ground to dismiss U.S. Cellular's Complaint for failure to state a claim. Indeed, this Court has already concluded that U.S. Cellular would suffer irreparable harm absent the preliminary injunction. *See* Dkt. No. 179 at 3.

Under Oregon law, "[a] party repudiates a contract when its conduct evinces a fixed purpose not to perform the contract." *Butler Block, LLC v. Tri-Cnty. Metro. Transp. Dist. of Or.,*

---

(. . . continued)
alleges that Western Radio lacks the right under federal law to maintain the New Tower and, thus, to require its tenant, U.S. Cellular, to move to the New Tower.

Page 9   -     INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
               MOTION TO DISMISS

255 P.3d 665, 673 (Or. Ct. App. 2011). The critical question is whether the party "objectively manifested—through its conduct—that it unequivocally and absolutely would not proceed in accordance with its obligations under the agreement." Here, U.S. Cellular alleges specific facts showing that it is entitled to relief on its anticipatory repudiation claim. Amended Complaint ¶¶ 7-17, 21, 23-29, 39-47.

It is equally clear that specific performance is an available remedy for anticipatory repudiation. "When one party repudiates a contract . . . the injured party has an election to pursue one of three remedies: he may treat the contract as at an end and sue for restitution, he may sue for damages, or he may sue for specific performance in certain cases." *Mohr v. Lear*, 395 P.2d 117 (Or. 1964) (citation omitted). "When a party to a contract evinces 'a positive, definite, absolute, unconditional and unequivocal intent' not to perform, an injured party may be entitled to specific performance if it has no adequate legal remedy." *GRK Fasteners, Ltd. v. Bennett*, No. 03-6363-HO, 2004 U.S. Dist. LEXIS 20603, at *8 (D. Or. Oct. 5, 2004) (quoting *Mohr*, 395 P.2d at 121, and holding that plaintiffs entitled to performance of portions of settlement agreement because alleged loss of goodwill that plaintiff would suffer if defendants were permitted to pursue their threatened course of action was one that "cannot be cured by legal remedy"); *see also Crown Cork & Seal USA, Inc. v. Behurst*, No. 3:10-CV-251-HZ, 2012 U.S. Dist. LEXIS 4150, at *32 (D. Or. Jan. 12, 2012) (applying Oregon law; granting specific performance of the underlying settlement agreement when defendants "unequivocally repudiated" the agreement by "clearly communicat[ing] their intentions to not perform their obligations").

U.S. Cellular also properly alleges that a live controversy exists as to whether Western Radio has a right to declare U.S. Cellular in breach of the Facilities Lease and require U.S.

Page 10 -    INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
             MOTION TO DISMISS

Cellular to move its equipment to the New Tower, and makes adequate allegations supporting its interpretation of the facts and the Facilities Lease. Where a live case or controversy exists as to the parties' respective rights and obligations under an agreement, a court may grant a declaratory judgment establishing the parties' rights. 28 U.S.C. § 2201; *see, e.g., Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671-72 (9th Cir. 2005) (holding that ripe controversy existed as to dispute over parties' contractual rights, allowing district court to hear action seeking declaratory judgment of parties' respective rights and obligations).

U.S. Cellular's claim is not barred simply because it obtained a preliminary injunction to avoid the worst consequences of Western Radio's efforts to remove the Original Tower. Indeed, the very purpose for creating a declaratory judgment action was to afford a "remedy to one who is uncertain o[f] his rights and who desires an early adjudication without having to wait" until a threatened lawsuit or other harm accrues. *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986).

## IV. CONCLUSION

Based on the foregoing, U.S. Cellular respectfully requests that the Court deny Western Radio's motion (Dkt. No. 155).

Page 11 -    INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
             MOTION TO DISMISS

DATED:  September 27, 2012.

STOEL RIVES LLP

s/ Steven T. Lovett
STEVEN T. LOVETT
OSB No. 910701
NATHAN C. BRUNETTE
OSB No. 090913
CRYSTAL S. CHASE
OSB No. 093104
Telephone:  (503) 224-3380

Attorneys for Intervenor
United States Cellular Operating Company of
Medford

Page 12  -    INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

72481828.4 0060671- 00008

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **INTERVENOR'S RESPONSE IN**

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** on the following named

persons on the date indicated below by

    ☐   mailing with postage prepaid

    ☐   hand delivery

    ☐   facsimile transmission

    ☐   overnight delivery

    ☐   email

    ☒   notice of electronic filing using the Cm/ECF system

to said persons a true copy thereof, contained in a sealed envelope, addressed to said persons at

his or her last-known addresses indicated below.

    Neil J. Evans
    Sean E. Martin
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Plaintiff United States of America

    Marianne G. Dugan
    Attorney at Law
    259 E 5th Avenue, Suite 200-D
    Eugene, OR  97401

        Attorney for Defendant Western Radio Services Co.

Page 1  -  CERTIFICATE OF SERVICE

72481828.4 0060671- 00008

DATED:  September 27, 2012.

                              STOEL RIVES LLP


                              s/ Steven T. Lovett
                              STEVEN T. LOVETT
                              OSB No. 910701
                              Telephone:  (503) 224-3380

                              Attorneys for Intervenor
                              United States Cellular Operating Company
                              of Medford

Page 2   -   CERTIFICATE OF SERVICE