UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WESTERN RADIO SERVICES CO.,<br><br>　　　　Defendant.<br><br>UNITED STATES CELLULAR<br>OPERATING COMPANY OF MEDFORD,<br><br>　　　　Intervenor,<br><br>　　v.<br><br>WESTERN RADIO SERVICES CO.,<br><br>　　　　Defendant. | Case No.: 3:**11-cv-00638-SI** (Lead Case)<br>Case No. 6:**11-cv-06209-SI**<br><br><br>**OPINION AND ORDER** |

**SIMON, District Judge.**

　　Defendant Western Radio Services Co. ("Western Radio") has moved to dismiss the amended complaint of Intervenor-Defendant United States Cellular Operating Company of Medford ("U.S. Cellular"). Western Radio's Motion to Dismiss (Dkt. 194) is DENIED.

**BACKGROUND**

The Court has most recently summarized the facts of the original action between the United States and Western Radio in its Opinion and Order dated August 29, 2012 (Dkt. 148). The Court granted U.S. Cellular's motion to intervene in that action on August 21, 2012 (Dkt. 133). During oral argument on August 24, 2012, the Court clarified that U.S. Cellular's intervention was granted as of right under Federal Rule of Civil Procedure 24(a)(2). Hr'g 4-5 (Aug. 24, 2012) (Dkt. 159). U.S. Cellular subsequently filed an amended complaint (Dkt. 181), which Western Radio has moved to dismiss (Dkt. 194). In considering a motion to dismiss, the Court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010).

For nearly twenty years, U.S. Cellular has leased space on a communications tower owned by Western Radio and located in the Deschutes National Forest. Am. Compl. ¶ 8. Western Radio leases the location of the tower from the U.S. Forest Service. *Id.* ¶ 10. The Government brought the original action after Western Radio started construction of a new communications tower at the same location. This Court has granted the Government's motion for summary judgment in the original action, holding that Western Radio's construction of the new tower without proper authorization breached its lease with the Government and constituted an intentional trespass. *See* Opinion & Order (Aug. 29, 2012) (Dkt. 148).

In July 2012, Western Radio sent U.S. Cellular a letter demanding that U.S. Cellular move its equipment to the new communications tower. Am. Compl. ¶ 23. The letter also asserted that, if U.S. Cellular did not comply, Western Radio could terminate the lease, remove U.S. Cellular's equipment, and accelerate all rent payments. *Id.* ¶ 24. On August 2, 2012, the Government informed U.S. Cellular that it was *not* authorized to place equipment on the new communications tower and that doing so might lead to an enforcement action against U.S. Cellular. *Id.* ¶ 26.

U.S. Cellular's first claim seeks a declaratory judgment that Western Radio's demands breach the parties' lease and that U.S. Cellular has a right under the lease to continue maintaining its equipment on the original tower. U.S. Cellular's second claim asserts that Western Radio is in anticipatory breach of the parties' lease. In addition to a declaration of its rights, U.S. Cellular seeks an injunction restraining Western Radio and its agents from taking any of the threatened actions or otherwise interfering with U.S. Cellular's quiet enjoyment of the leased premises, as well as specific performance of Western Radio's obligations under the lease.

Western Radio has moved to dismiss the amended complaint, arguing that this Court lacks subject matter jurisdiction and that the amended complaint fails to state a claim. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6).

## DISCUSSION

### I.    Subject Matter Jurisdiction

Western Radio argues that the contract dispute between it and U.S. Cellular is purely a matter of state law and that this Court should not exercise supplemental jurisdiction over such a

state-law dispute when the liability-related merits of the original action were resolved the day after U.S. Cellular filed its complaint.

The Court has jurisdiction over the original action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). It therefore has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). Claims are part of the same "case or controversy" when they "derive from a common nucleus of operative fact." *Trs. of Constr. Industry & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint.*, 333 F.3d 923, 925 (9th Cir. 2003) (quoting *Finley v. United States*, 490 U.S. 545, 549 (1989)). This rule of supplemental jurisdiction explicitly extends to the claims of intervenors. 28 U.S.C. § 1367(a).

The amended complaint shares a common nucleus of operative fact with the original action between Western Radio and the United States. For example, whether the new communications tower was properly authorized informs the determination of whether U.S. Cellular has breached its contract with Western Radio, or vice versa. In addition, the Court retains jurisdiction over the original action even though the question of liability has been resolved, for the question of remedy remains very much unresolved. *See* Opinion & Order (Oct. 29, 2012) (Dkt. 193). There are therefore no grounds for declining supplemental jurisdiction, as provided for in 28 U.S.C. § 1367(c), over U.S. Cellular's complaint. The Court is satisfied that it has subject matter jurisdiction.

## II.     Failure to State a Claim

Western Radio argues that the amended complaint's first claim fails to state a claim for relief because the federal Declaratory Judgment Act can only be invoked when the controversy at issue itself arises under federal jurisdiction. The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction, … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "expanded the scope of the federal courts' remedial powers," but it did not alter the courts' jurisdiction. *Countrywide Home Loans Inc. v. Mortgage Guar. Ins.*, 642 F.3d 849, 853 (9th Cir. 2011). This is a case of actual controversy that is within the Court's jurisdiction; the Act simply places another "remedial arrow in the district court's quiver" in resolving the parties' dispute. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The request for declaratory judgment states a claim upon which relief can be granted.

Western Radio also argues that U.S. Cellular has not sufficiently pled its claim for either anticipatory breach or actual breach of contract. The Court disagrees. A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A complaint need not state "detailed factual allegations," but it must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Wilson,* 668 F.3d at 1140, quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663

OPINION AND ORDER, Page 5

(2009), citing *Twombly,* 550 U.S. at 556. U.S. Cellular has pled all the necessary elements of its claim and provided factual allegations sufficient to state a claim to relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

For the foregoing reasons, Western Radio's Motion to Dismiss (Dkt. 194) is DENIED.

Dated this 13th day of December, 2012.

/s/  Michael H. Simon\
Michael H. Simon\
United States District Judge