IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:11-cv-00638-SI (Lead Case), |
| | Case No. 6:11-cv-06209-SI |
| Plaintiff, | |
| v. | |
| **WESTERN RADIO SERVICES CO.,** | **OPINION AND ORDER ON** |
| | **ATTORNEY'S FEES AND COSTS** |
| Defendant. | |
| **UNITED STATES CELLULAR OPERATING COMPANY OF MEDFORD,** | |
| Intervenor-Plaintiff, | |
| v. | |
| **WESTERN RADIO SERVICES CO.,** | |
| Defendant. | |

S. Amanda Marshall, United States Attorney, and Neil J. Evans, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Plaintiff.

Steven T. Lovett, Nathan C. Brunette, and Crystal S. Chase, STOEL RIVES LLP, 900 S.W. Fifth Avenue, Suite 2600, Portland, OR 97204. Of Attorneys for Intervenor-Plaintiff.

Marianne Dugan, 259 E. Fifth Avenue, Suite 200-D, Eugene, OR 97401. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Under a lease agreement with Western Radio Services Co. ("Western Radio"), United States Cellular Operating Company of Medford ("U.S. Cellular") has the contractual right to place cellular telephone and related microwave antennas and other equipment on a tower operated by Western Radio on Walker Mountain. A dispute arose between Western Radio and U.S. Cellular, resulting in U.S. Cellular moving to intervene in this action. U.S. Cellular ultimately prevailed, and the Court issued injunctive and declaratory relief finding that, among other things, (1) Western Radio breached its contract with U.S. Cellular by demanding that U.S. Cellular remove its equipment from Western Radio's original tower, (2) U.S. Cellular did not breach its contract with Western Radio, and (3) U.S. Cellular has the right under its contract with Western Radio to maintain equipment on Western Radio's original tower during the contract's remaining term. ECF 249 at 2. The parties' lease agreement also provides that "[i]f suit or action is instituted in connection with any controversy arising out of this Lease, the prevailing party shall be entitled to recover, in addition to costs, such sum as the Court may adjudge reasonable as attorney fees in said suit or action or appeal therefrom." ECF 225 at 12; ECF 181 at 28. U.S. Cellular, as the prevailing party, timely moved for an award of attorney's fees and costs. ECF 246. Western Radio timely objected. ECF 254. For the reasons that follow, U.S. Cellular's motion is GRANTED IN PART.

## STANDARDS

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the

state, should be followed." *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (citation and quotation marks omitted).[1]

Under Oregon law, a prevailing party shall recover reasonable attorney's fees and costs incurred in enforcing the provisions of a contract when the contract so requires. Or. Rev. Stat. § 20.096(1). That subsection provides:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.

*Id*.

After concluding that a prevailing party shall recover reasonable attorney's fees, a court applying Oregon law must consider the specific factors set forth in Or. Rev. Stat. § 20.075 to determine the amount of attorney's fees to be awarded. The specific factors set forth in Or. Rev. Stat. § 20.075(1) are:

> (a)     The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b)     The objective reasonableness of the claims and defenses asserted by the parties.

---

[1] The Court has subject matter jurisdiction over the original action, which was commenced by the United States against Western Radio, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Supplemental jurisdiction may be asserted "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This includes a claim brought by an intervenor. *Id*. Both Western Radio and U.S. Cellular are Oregon corporations, ECF 181 at 2. U.S. Cellular's claims are based in contract, ECF 181 at 9-13, and are governed by Oregon law. ECF 181 at 27. The Court allowed supplemental jurisdiction over U.S. Cellular's state law claims. ECF 200.

      (c)     The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

      (d)     The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

      (e)     The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

      (f)     The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

      (g)     The amount that the court has awarded as a prevailing party fee under ORS 20.190.

      (h)     Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1).[2] After considering these eight factors, Or. Rev. Stat. § 20.075(2) then

directs the court to consider the following additional eight factors:

      (a)     The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

      (b)     The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

      (c)     The fee customarily charged in the locality for similar legal services.

      (d)     The amount involved in the controversy and the results obtained.

      (e)     The time limitations imposed by the client or the circumstances of the case.

---

    [2] Under subsection (1), these factors are to be first considered in determining whether to award fees "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." In addition, in any case in which an award of fees is authorized or required, the court shall consider the factors specified in subsection (1) as well as the factors specified in subsection (2) "in determining the amount of an award of attorney fees in those cases." Or. Rev. Stat. § 20.075(2).

      (f)     The nature and length of the attorney's professional relationship with the client.

      (g)     The experience, reputation and ability of the attorney performing the services.

      (h)     Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). Oregon law further directs that when analyzing these factors, a court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies." *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190-91 (1998). The court, however, "ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012).

      Under Or. Rev. Stat. § 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate. Taken together, these factors are comparable to what is often referred to as the "lodestar" method for calculating a reasonable attorney's fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (holding that the lodestar method yields a presumptively reasonable fee, subject to either upward or downward adjustment as appropriate); *see also Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 221 (2013) ("The lodestar approach that the parties have used is at least a permissible one under the statutes involved," including Or. Rev. Stat. § 20.075); *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 255 Or. App. 525, 554 (2013) ("The lodestar method that the trial court used is a commonly applied and permissible approach for determining the reasonableness of a fee award . . . .").

**DISCUSSION**

**A. Attorney's Fees**

In considering the eight factors identified in Or. Rev. Stat. § 20.075(1), the Court concludes that these factors generally support the award of a reasonable attorney's fee in this case. Some of the factors are neutral or inapplicable and do not specifically inform the Court's decision on the proper amount of a reasonable attorney's fee. In considering the eight factors identified in Or. Rev. Stat. § 20.075(2), the Court concludes that factors (a), (c), (d), and (g), the "lodestar" factors, are most relevant, with the remaining factors being either neutral or inapplicable.

**1.  Factor (a)—primarily, the reasonableness of the hours expended by counsel**

The District of Oregon specifically cautions against block-billing, *i.e.,* including more than one task in the description of work performed. This practice hinders a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Fee Petitions, *available at* http://www.ord.uscourts.gov/index.php/court-policies-517/fee-petitions (last updated Feb. 6, 2013). Applying this cautionary statement, United States Magistrate Judge John Acosta has noted, "the court may excuse this method when the billing period is no more than three hours." *Noel v. Hall,* 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013). For block-billing periods in excess of three hours, however, Judge Acosta has reduced each applicable entry by fifty percent.

> Accordingly, the block-billed time requested over the three-hour maximum will be reduced by fifty percent. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis").

*Id.* (alteration in original). This Court follows Judge Acosta's approach.

For work performed by its counsel in connection with the "Lease Dispute" through July 2, 2013, U.S. Cellular seeks an award for 590.8 hours worked (identified as "hours claimed"), at a value of $198,610. ECF 248-1 at 53. The Court has closely reviewed the entries set forth in Exhibit A to the Declaration of Steven T. Lovett (ECF 248-1). With the exception of 62 instances of "block billing" for time over the three-hour maximum, the Court otherwise finds the hours expended to be reasonable. The 62 entries of block-billed time total as follows:

| Timekeeper | Block-Billed Hours claimed | Hourly Rate | Fees |
|---|---|---|---|
| Steven T. Lovett | 37.6 hours (7 entries) | $525 | $19,740.00 |
| Steven T, Lovett | 30.3 hours (7 entries) | $550 | $16,665.00 |
| Nathan C. Brunette | 174.5 hours (25 entries) | $295 | $51,477.50 |
| Nathan C. Brunette | 9.6 hours (3 entries) | $320 | $3,072.00 |
| Crystal S. Chase | 107.10 hours (16 entries) | $225 | $24,097.50 |
| Crystal S. Chase | 17.5 hours (4 entries) | $250 | $4,375.00 |
| Sub-total: | | | $119,427.00 |
| Less 50 percent reduction for block billing: | | | **-$59,713.50** |

For work performed by its counsel in connection with preparing U.S. Cellular's Cost Bill and Motion for Attorney Fees and supporting material, U.S. Cellular seeks an award for 28.3 hours worked (identified as "hours claimed"), at a value of $8,815.00. ECF 248-4 at 2. The Court has closely reviewed the entries set forth in Exhibit D to the Declaration of Steven T. Lovett (ECF 248-4). With the exception of three instances of "block billing" for time over the three-hour maximum, the Court otherwise finds the hours expended to be reasonable. The three entries of block-billed time total as follows:

| Timekeeper | Block-Billed Hours claimed | Hourly Rate | Fees |
|---|---|---|---|
| Crystal S. Chase | 13.3 hours (3 entries) | $250 | $3,325.00 |
| Less 50 percent reduction for block billing: | | | -$1,662.50 |

For work performed by its counsel in connection with preparing U.S. Cellular's Reply in Support of Intervenor's Bill of Costs and Motion for Fees and supporting material, U.S. Cellular seeks an award for 31.5 hours worked (identified as "hours claimed"), at a value of $10,197.00. ECF 257-1 at 4. The Court has closely reviewed the entries set forth in Exhibit A to the Supplemental Declaration of Steven T. Lovett (ECF 257-1). With the exception of one instance of "block billing" for time over the three-hour maximum, the Court otherwise finds the hours expended to be reasonable. The single entry of block-billed time is as follows:

| Timekeeper | Block-Billed Hours claimed | Hourly Rate | Fees |
|---|---|---|---|
| Nathan C. Brunette | 4.20 hours (1 entry) | $320 | $1,344.00 |
| Less 50 percent reduction for block billing: | | | -$672.00 |

U.S. Cellular also seeks an additional $2,997.30 (mostly computerized research) as nontaxable litigation expenses in connection with the "Lease Dispute" through July 2, 2013, ECF 248-1 at 57, and an addition $125.51 (all computerized research) as nontaxable litigation costs in connection with preparing U.S. Cellular's Reply in Support of Intervenor's Bill of Costs and Motion for Fees. ECF 257-2 at 1. The Court has reviewed these additional expenses and finds them to be reasonable and properly recoverable. Without the assistance of computerized research, the time spent by attorneys would likely have been significantly greater.

Thus, under the rates requested by U.S. Cellular's counsel, the Court will reduce the claimed fees by $62,048.00 ($59,713.50 plus $1,662.50 plus $672.00). In all other respect, the Court finds reasonable the number of hours expended by U.S. Cellular's counsel.

PAGE 8 – OPINION AND ORDER

## 2.  Factors (c) and (g)—primarily, the reasonableness of counsel's rates

In determining reasonable hourly rates, courts have the benefit of several billing rate surveys. One useful survey is the Oregon State Bar 2012 Economic Survey ("OSB 2012 Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2012 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (last visited on March 27, 2014). Another useful survey, although somewhat more limited in scope, is the Morones Survey of Commercial Litigation Fees, updated as of January 1, 2012 ("Morones 2012 Survey"). The Morones 2012 Survey contains data on attorney billing rates based on years of experience but is confined to commercial litigation attorneys practicing in Portland, Oregon. The Morones 2012 Survey reports data for 306 attorneys from 18 law firms (out of 28 law firms requested to provide data). A copy of the Morones 2012 Survey is available at ECF 257-4 in this case, among other places.

U.S. Cellular requests the following rates for the following timekeepers:

| Timekeeper | Years Experience | Hourly Rate |
|---|---|---|
| Steven T. Lovett, partner | 25+ | $525 (through 11/30/12) |
| Steven T, Lovett, partner | 25+ | $550 (after 12/1/12) |
| Nathan C. Brunette, associate | 4+ | $295 (through 11/30/12) |
| Nathan C. Brunette, associate | 4+ | $320 (after 12/1/12) |
| Crystal S. Chase, associate | 1 | $225 (through 11/30/12) |
| Crystal S. Chase, associate | 2 | $250 (after 12/1/12) |
| Julie A. Brown, paralegal | 30+ | $230 (through 11/30/12) |

The Court first evaluates the rates proposed for the three attorneys in light of the OSB 2012 Survey and the 2012 Morones Survey. Considering the 2012 OSB Survey, Mr.

PAGE 9 – OPINION AND ORDER

Lovett's proposed 2012 hourly rate of $525 is approximately 12 percent higher than the 95th Percentile for Portland Attorneys with between 21 and 30 years of experience ($470). Considering the 2012 Morones Survey, Mr. Lovett's proposed 2012 rate also exceeds the average and median rates for attorneys with between 20 and 29 years of experience in commercial litigation in Portland, but it is below both the average and median rates of the 15 attorneys with the highest hourly rates for commercial litigation in Portland. Considering the experience, reputation, and ability of Mr. Lovett, the requested 2012 and 2013 rates for Mr. Lovett are reasonable.

Considering the 2012 OSB Survey, Mr. Brunette's proposed 2012 hourly rate of $295 equals the 95th Percentile for Portland Attorneys with between 4 and 6 years of experience ($295). The Court concludes that the requested 2012 and 2013 rates for Mr. Brunette are reasonable. Considering the 2012 OSB Survey, Ms. Chase's proposed 2012 hourly rate of $225 is higher than the 75th Percentile for Portland Attorneys with between 0 and 3 years of experience ($198), but lower than the 95th Percentile for Portland Attorneys with such experience ($246). The Court concludes that the requested 2012 and 2013 rates for Ms. Chase are reasonable. Finally, the Court notes that Ms. Brown, a paralegal, has more than 30 years' experience as a litigation paralegal. In light of that experience, the requested 2012 rate for Ms. Brown is reasonable

### 3.  Factor (d)—the amount in controversy and the results obtained

Western Radio demanded that U.S. Cellular remove its equipment on the original tower and Western Radio even threatened to remove U.S. Cellular's equipment and to disassemble the original tower if U.S. Cellular did not remove its equipment. This required U.S. Cellular quickly to intervene, move for a temporary restraining order, and move for a preliminary injunction, all of which were granted. U.S. Cellular then successfully moved for summary judgment, receiving

both declaratory and permanent injunctive relief. Absent this relief, U.S. Cellular faced the realistic risk of losing its signal at the Walker Mountain site, as well as two other sites that rely on the Walker Mountain site to connect to the broader network. If this would have happened, U.S. Cellular's customers could have found themselves without cell phone coverage—and certainly without the cell phone coverage that they contracted with U.S. Cellular to receive. Thus, in light of the amount in controversy and the results obtained, U.S. Cellular's fee request is reasonable.

### 4. Specific objections raised by Western Radio

Western Radio has raised several specific objections to U.S. Cellular's Bill of Costs and Motion for Attorney Fees. ECF 254. Although one objection has merit, the others do not.

Western Radio objects to U.S. Cellular's cost bill to the extent that it seeks recovery for deposition transcripts beyond the proportional cost for those pages actually used. U.S. Cellular took the deposition of Western Radio's owner, Mr. Richard Oberdorfer, and submitted a 48-page excerpt in support of its motions for preliminary injunction and summary judgment. U.S. Cellular also used that deposition transcript to prepare for the cross-examination, including impeachment, of Mr. Oberdorfer at the preliminary injunction hearing. Under 28 U.S.C. § 1920(2), U.S. Cellular is entitled to recover, as a taxable cost, the "[f]ees of printed or electronically recorded transcripts necessarily obtained for use in the case." Western Radio cites no authority for limiting that recovery to the fraction of the total cost of the transcript that represents only the specific pages actually submitted or used, and the Court is aware of no such authority.

Western Radio correctly objects to U.S. Cellular's block billing, but is incorrect in arguing that the block billing justifies rejecting U.S. Cellular's attorney fee in its entirety. In fact, Western Radio's argument is contrary to law. *See Lyon*, 656 F.3d at 892 ("The fee award may be

reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis."). The Court has already accounted for U.S. Cellular's block billing by reducing all block-billed entries greater than three hours by 50 percent. This reduction totals $62,048.00, which is a sufficient remedy for the block billing in this case.

Western Radio also argues that the requested hourly rates for U.S. Cellular's attorneys are excessive. The Court has already addressed this objection above.

Western Radio further argues that the time spent by U.S. Cellular's attorneys before U.S. Cellular moved to intervene is not compensable. Under Oregon law, which governs U.S. Cellular's motion for attorney fees, a party is entitled to recover fees for reasonable pre-filing activities, including "factual investigations, legal research, and careful drafting," provided such fees are "'reasonably incurred to achieve the success' that the plaintiff eventually enjoyed in the litigation that followed[.]" *Fadel v. El-Tobgy*, 245 Or. App. 696, 709 (2011). U.S. Cellular's motion for attorney fees satisfies this standard.

Western Radio also argues that the time spent by U.S. Cellular's attorneys after the initial judgment (ECF 226) was entered, working toward obtaining the amended judgment (ECF 249), is not compensable. This argument is without merit.

Finally, Western Radio argues that the timesheets submitted by U.S. Cellular reflect an "overduplication [*sic*] of effort" and that U.S. Cellular's requested hours and overall fee request are excessive. The Court has reviewed U.S. Cellular's supporting documentation and, other than the block billing issue addressed above, finds U.S. Cellular's fee request to be reasonable.

### 5.  Summary

In summary, U.S. Cellular is entitled to the following fees and nontaxable expenses:

Work performed through July 2, 2013                              $198,610.00

| | |
|---|---|
| Nontaxable litigation costs through July 2, 2013 | $2,997.30 |
| Work performed preparing the cost bill and fee motion | $8,815.00 |
| Work performed for reply in support of costs and fees | $10,197.00 |
| Nontaxable litigation costs for reply | $125.51 |
| Sub-total: | $220,744.81 |
| Less reduction for block billing: | -$62,048.00 |
| Net attorney's fee award: | **$158,696.81** |

## B.  Costs

Under 28 U.S.C. § 1920, a judge or clerk of the court "may tax as costs" certain expenses specifically described in, and limited by, that statute when a party timely files a "bill of costs." Such expenses are often referred to as "taxable costs" and may be recovered by a prevailing party pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The United States Supreme Court has explained that Section 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991). Specifically, Section 1920 provides for recovery of the following:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

U.S. Cellular seeks taxable costs in the amount of $3,798.76 pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). U.S. Cellular has itemized its taxable costs, ECF 248-3, and adequately described them in the Declaration of Steven T. Lovett, ¶¶13-14 (ECF 248 at 9-10).

PAGE 13 – OPINION AND ORDER

Western Radio's only objection to U.S. Cellular's request for costs relate to the transcript of the deposition of Mr. Oberdorfer, which the Court discussed previously in this Opinion and Order at Section A(4). Thus, U.S. Cellular's request for taxable costs is allowed.

## CONCLUSION

United States Cellular Operating Company of Medford's Bill of Costs and Motion for Attorney Fees (ECF 246) is GRANTED IN PART. Intervenor United States Cellular Operating Company of Medford is awarded $158,696.81 in attorney fees, including nontaxable litigation expenses, and $3,798.76 in taxable costs.

**IT IS SO ORDERED.**

DATED this 27th day of March, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge